UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

BROOKE ANN LEITMAN,

    Plaintiff,

v.                                      CASE NO. 2:17-cv-466-FtM-29JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits, Child Disability Benefits, and Supplemental Security Income. In a decision dated July 1, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, within the meaning of the Social Security Act, from June 1, 2010, the alleged disability onset date, through the date of decision. (Tr. 10–25.) Having considered the parties' memoranda and being

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **REVERSED and REMANDED** for further administrative proceedings.

## I. Issues on Appeal

Plaintiff raises the following issues on appeal:

1. Whether the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's RFC and listing 12.04, given that the ALJ states both that Plaintiff experienced two or three episodes of decompensation which have been of extended duration and that the record is devoid of evidence of episodes of decompensation, he did not reference opinions of treating physician Dr. Brenda Keefer in assessing whether Plaintiff met listing 12.04, and in assessing Plaintiff's residual functional capacity ("RFC") he failed to provide specific reasons for providing limited weight to Dr. Keefer's opinions.

2. Whether the ALJ erred in failing to reflect limitations found by consulting examiner Dr. Paula Bowman and State agency psychological consultants Corine Samwel, Ph.D., and Mike Dow, Ph.D., given that Dr. Bowman, to whom the ALJ gave great weight, found the results of her examination consistent with psychiatric difficulties which may significantly interfere with Plaintiff's ability to function on a daily basis and Dr. Samwel and Dr. Dow, to whom the ALJ gave substantial weight, limited Plaintiff to simple work but the ALJ did not include that limitation in the RFC.

3. Whether the ALJ erred in failing to find Plaintiff unable to maintain regular and continuing work given that her accommodating part-time employer reported extensive absences, treating physician Dr. Ramiah Krisnan opined Plaintiff would be off-task 20% to 30% of the time and would be absent from work 3 days per month, and Dr. Keefer opined Plaintiff had extreme limitations in the ability to complete a normal workday

2

      and workweek without interruptions from psychologically based symptoms and marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.

4. Whether the ALJ issued a decision unsupported by substantial evidence given that one of the jobs cited by the vocational expert ("VE") was not limited to routine and repetitive tasks and required the ability to handle several variables and the job numbers cited by the VE were disproportionate to the number of jobs that the U.S. Department of Labor stated were available within broader Occupational Employment Survey ("OES") groups that contained many more job titles most of which exceeded Plaintiff's RFC.

(Doc. 23 at 1–2.)

The undersigned recommends that the ALJ reversibly erred regarding the first two issues raised. The undersigned further recommends that the Court need not address the third and fourth issues because the Commissioner's analysis may change on remand.

## II.   Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions,

3

however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.   The ALJ's Decision

At step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "asthma, obesity, bipolar disorder, anxiety disorder, attention deficit disorder, and obsessive-compulsive disorder."[2] (Tr. 15.)  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.  (Tr. 15–19.)  Prior to step four, the ALJ found that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb stairs, balance, stoop, kneel, crouch and crawl, cannot climb ladders and similar devices; cannot work in hazardous environments; cannot work in temperature extremes; cannot work in exposure to excessive humidity; cannot work in high concentrations of dust, fumes, gases and other pulmonary irritants; can do routine and repetitive tasks only; and cannot do tasks requiring public contact or more than occasional interactions with co-workers.

(Tr. 19.)  At step four, the ALJ found that Plaintiff was unable to perform any of her past relevant work.  (Tr. 23.)  However, at step five, the ALJ found that considering Plaintiff's age (19 on the alleged disability onset date), education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff

---

[2] The sequential evaluation process is described in the ALJ's decision.  (Tr. 12–14.)

4

could perform. (Tr. 24–25.) Therefore, Plaintiff was not disabled. (Tr. 25.)

## IV. Analysis

### A. Listing 12.04

Plaintiff first argues that the ALJ erred "in making contradictory findings regarding episodes of decompensation and in giving inadequate weight to the opinions of treating physician Dr. Keefer." (Doc. 23 at 17.) The undersigned agrees that the ALJ's findings regarding episodes of decompensation are confusing and contradictory, and that the ALJ's reasons for discounting the opinion of treating psychiatrist, Brenda Keefer, M.D. are insufficiently explained. Therefore, the undersigned recommends reversal and remand on these issues.

In making his step three finding that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listing, the ALJ addressed in part Listings 12.04 (affective disorders) and 12.06 (anxiety-related disorders). (Tr. 16.) In addressing the "Paragraph B" criteria of these listings, the ALJ first noted:

> To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks.

(Tr. 16.)

5

Although the ALJ found that Plaintiff did not have any marked restrictions or difficulties regarding the above categories, he stated: "The fourth functional area is episodes of decompensation. In this area, the claimant has experienced two or three episodes of decompensation which have been of extended duration." (Tr. 16.) The ALJ then described Plaintiff's psychiatric hospitalizations, treatment and evaluations. (Tr. 17–18.)

The ALJ then concluded his analysis regarding the "paragraph B" criteria, and also considered the "paragraph C" criteria of Listings 12.04 and 12.06:

> Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied. The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria of listing sections 12.04 or 12.06 because the record is devoid of evidence of episodes of decompensation, potential episodes of decompensation, or the inability to function outside a highly supportive living arrangement or outside the area of the claimant's home. Therefore, disability cannot be established under sections 12.04 and 12.06.

(Tr. 18.)

In stating that "the record is devoid of evidence of episodes of decompensation [and] potential episodes of decompensation," the ALJ contradicted his earlier finding that Plaintiff had "experienced two or three episodes of decompensation which have been of extended duration." (Tr. 16, 18.) The undersigned recommends that this contradictory finding constitutes error because

6

it renders the decision insufficient to allow for meaningful review. *See Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for [her] decision with clarity to enable us to conduct meaningful review." (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))).[3]

Moreover, the undersigned recommends that this error was not harmless. Although the error might be harmless as to the paragraph B criteria since the ALJ did not find any marked limitations, it is not clear that the error is harmless as to the paragraph C criteria of Listing 12.04. Paragraph C of Listing 12.04 provides in part:

> C. Medically documented history of a chronic affective disorder of at least 2 years duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support and one of the following:
>     1. Repeated episodes of decompensation each of extended duration; . . .

20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.04.

The regulations define the term "repeated episodes of decompensation, each of extended duration" as follows:

> The term *repeated episodes of decompensation*, each of extended duration in these listings means three episodes within 1 year, or an average of once every 4 months, each lasting for at least 2 weeks. If you have experienced more frequent episodes of shorter duration or less

---

[3] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

7

> frequent episodes of longer duration, we must use judgment to determine if the duration and functional effects of the episodes are of equal severity and may be used to substitute for the listed finding in a determination of equivalence.

*Id.* at § 12.00(C)(4).

Thus, based on the ALJ's own conflicting findings, it is unclear whether Plaintiff might meet or medically equal Listing 12.04 based on the paragraph C criteria. The undersigned recommends that clarification is necessary, and therefore remand is appropriate.

### B.  Dr. Brenda Keefer

Plaintiff also argues that the ALJ erred in giving inadequate weight to the opinions of treating psychiatrist Dr. Brenda Keefer. (Doc. 23 at 17–20.) Regarding Dr. Keefer's opinions, the ALJ stated in part:

> Limited weight is given to the opinion of treating psychiatrist, Brenda Keefer, M.D., that the claimant meets listing 12.04 and has marked and extreme functional limitations in almost every category. (Exhibits 17F, 18F, 23F and 26F). This is out of proportion to the mental status examination findings and type and degree of treatment needed.

(Tr. 23.)

To discount the opinions of a treating doctor, the ALJ is required to provide "good cause." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2014). Good cause to discount a treating doctor's opinion exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was

8

conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240–41. The Court "will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 823 (11th Cir. 2015).

The undersigned recommends that further explanation is needed to determine whether the ALJ's reasoning constitutes good cause. The ALJ did not explain what he meant by "out of proportion to the mental status examination findings and type and degree of treatment needed." (Tr. 23.) The ALJ also did not give any illustrative examples from the record to support this finding. Given that remand is being recommended regarding the first issue, the undersigned recommends that it would assist the Court in engaging in meaningful review for the ALJ to further explain why he is giving the opinions of Dr. Keefer limited weight.[4]

### C. Dr. Paula Bowman

Next, Plaintiff argues that the ALJ erred in addressing the opinions of consulting examiner, Dr. Paula Bowman. (Doc. 23 at 20.) In addressing the opinions of Dr. Bowman, the ALJ stated:

> Great weight is given to the opinion of consultative examiner, Paula Bowman, Psy.D., that the claimant can follow and understand simple directions and instructions, perform simple tasks independently, and maintain a regular schedule. Dr. Bowman further opined that she has only mild difficulty making appropriate decisions and

---

[4] Since the ALJ did address Dr. Keefer's opinion that Plaintiff met Listing 12.04, the undersigned recommends that this portion of Plaintiff's argument, in which she states that the ALJ "did not reference opinions of treating physician Dr. Brenda Keefer in assessing whether Plaintiff met listing 12.04," be rejected.

9

>relating adequately with others with moderate difficulty maintaining attention and concentration, learning new tasks, and appropriately coping with stress, although she can perform complex tasks with supervision. (Exhibit 7F). This is consistent with the medical records as a whole as well as the claimant's own description of her activities, including preparing simple things to eat, caring for her pet, playing bingo, attending church, swimming, driving and shopping.

(Tr. 22.)

Plaintiff argues that the ALJ erred in giving the opinions of Dr. Bowman "great weight" but in not reflecting in the RFC assessment the following opinion of Dr. Bowman: "The results of this examination appear to be consistent with psychiatric problems, and these may significantly interfere with the claimant's ability to function on a daily basis." (Doc. 23 at 20; Tr. 583.) The ALJ did not explicitly address this portion of Dr. Bowman's opinion, and it is unclear how this general statement from Dr. Bowman relates to the specific opinions that the ALJ did address. For that reason, the undersigned recommends that it would assist the Court in engaging in meaningful review to order the ALJ to explicitly address this portion of Dr. Bowman's opinions.

### D. Simple Work

Plaintiff also argues that the ALJ erred in not limiting Plaintiff to simple work after giving great weight to the opinion of Dr. Bowman that Plaintiff could perform simple tasks and significant weight to the State agency physicians who also appeared to limit Plaintiff to simple work. (Doc. 23 at 20; Tr. 126–28, 199–202.) In this respect, the ALJ's decision is again unclear, and therefore the undersigned

recommends reversal and remand on this issue as well. In the decision, the ALJ limited Plaintiff to "routine and repetitive tasks only." (Tr. 19.) However, in his hypothetical question to the vocational expert, the ALJ modified the restriction as follows:

> Assume the person can focus attention reliably and effectively only on very routine and repetitive types of tasks, tasks that would not change much from day to day, and would not require the person to carry out or remember any detailed or complicated – – complex rather, complex or complicated type of activity. And there might be some level of detail, but there wouldn't be – – it wouldn't involve anything complex or complicated.

(Tr. 67–68.)

Although the above modification might make any error harmless, it also makes the ALJ's RFC assessment unclear. The ALJ did not explain why he altered the RFC assessment in the hypothetical question or why he omitted this modification from the decision. In order to ensure meaningful review, it is recommended that the ALJ make a clear RFC finding that is consistent with the hypothetical question, and that he sufficiently explain any significant variance in the RFC assessment from the opinions of Dr. Bowman and the State agency doctors, to whose opinions he gave great and significant weight respectively.

Plaintiff raises two additional issues, but the undersigned recommends that the Court need not address those issues because the Commissioner's analysis may change based on a reevaluation of the issues addressed above.

11

### V.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

"1.     The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner, in accordance with this Order, to: (a) clarify the finding regarding episodes of decompensation and how that relates to Listing 12.04; (b) further explain the reasons for giving the opinions of Dr. Brenda Keefer limited weight, or reconsider the weight given to those opinions; (c) address the opinion of Dr. Paula Bowman regarding Plaintiff's ability to function on a daily basis; (d) clarify the RFC assessment; (e) explain any significant variance between the RFC assessment and the opinions of Dr. Bowman and the State agency doctors, or reconsider those opinions; (f) reconsider Plaintiff's RFC if appropriate; and (g) conduct any further proceedings deemed appropriate.

2.     The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

3.     Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to

Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  See In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov 13, 2012).  This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida, on May 1, 2018.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable John E. Steele
Senior United States District Judge

Counsel of Record